GRAND TRUNK WESTERN RAILROAD COMPANY v
DEPARTMENT OF TREASURY

CHESAPEAKE & OHIO RAILROAD COMPANY v DEPARTMENT
OF TREASURY

Docket Nos. 97847, 102239. Submitted April 21, 1988, at Detroit.
Decided May 24, 1988.

The Grand Trunk Western Railroad Company sought in the
Court of Claims a refund of amounts paid under the Single
Business Tax Act in 1980, arguing that such amounts were not
owing in that the railroad was entitled under the Single
Business Tax Act to a credit based upon the amount of taxes
imposed under the public utility tax act. The Michigan Depart-
ment of Treasury contested the refund, arguing that, while
certain taxes were imposed by the public utility tax act, those
taxes were never paid because that act provided for a credit
against said taxes based upon amounts expended for mainte-
nance or improvement of rights of way and that the Legisla-
ture could not have intended a credit against single business
tax liability based upon taxes that were never paid. The Court
of Claims, Robert Holmes Bell, J., granted summary judgment
in favor of the railroad, holding that the credit in the Single
Business Tax Act clearly spoke in terms of the tax imposed by
the public utility tax act rather than the amount paid. The
Department of Treasury appealed.

In 1978 and 1979, property taxes pursuant to the public utility
tax act were imposed on the Chesapeake & Ohio Railroad
Company, however, the railroad did not have to pay those taxes
because of credits for maintenance and improvement of it
rights of way. When the railroad filed its return for taxes
under the Single Business Tax Act for those years it sought the
single business tax credit using the public utility tax that was
imposed, the single business tax credit was rejected and the
single business tax was assessed without that credit. The rail-
road sought review in the Michigan Tax Tribunal. The Tax

REFERENCES

Am Jur 2d, State and Local Taxation §§ 438 et seq., 549 et seq.
See the Index to Annotations under Railroads; Taxes.

Tribunal granted the railroad's motion for summary disposition, holding that the statute clearly spoke of the public utility tax imposed rather than the tax paid. The Department of Treasury appealed.

The appeals were consolidated.

The Court of Appeals *held:*

The language in the provision in the Single Business Tax Act is clear and unambiguous. The Legislature clearly intended the plain meaning of "imposed" in that when the Legislature intended that a credit be based on amounts paid it specifically said so. The tax credit in the Single Business Tax Act is properly computed on the basis of the tax imposed by the public utility tax act rather than the amount paid under that act.

Affirmed.

TAXATION — RAILROADS — SINGLE BUSINESS TAX ACT — PUBLIC
   UTILITY TAX ACT — TAX CREDITS.

A railroad company which has had a net operating loss for two or more years may take in designated tax years as a credit against the tax imposed by the Single Business Tax Act a percentage of the tax imposed by the public utility tax act; for the purpose of that credit, it is the amount of the tax imposed under the public utility tax act rather than the amount actually paid by the railroad after reductions for credits provided in the public utility tax act which forms the basis for the calculation of the credits in the Single Business Tax Act (MCL 207.13, 208.39[2]; MSA 7.263, 7.558[39][2]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Ernest Getz*), for Grand Trunk Western Railroad Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Kathleen McCree Lewis, Stewart L. Mandell* and *Kenneth W. Kingma*), for Chesapeake & Ohio Railroad Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for the Department of Treasury.

Before: CYNAR, P.J., and GRIBBS and T. GILLES-
PIE,* JJ.

.PER CURIAM. Defendant appeals as of right from
a Court of Claims order granting plaintiff Grand
Trunk Western Railroad (GTW) summary disposi-
tion and from a Tax Tribunal order granting
summary disposition to plaintiff Chesapeake &
Ohio Railroad (C&O). The cases have been consoli-
dated on appeal. We affirm.

Both the C&O and the GTW were originally liable
for certain public utility taxes pursuant to the
public utility tax act (PUTA), MCL 207.1 *et seq.*;
MSA 7.251 *et seq.* The C&O and the GTW were
entitled to, and received, a credit against these
taxes pursuant to PUTA § 13(2), MCL 207.13; MSA
7.263, which provides:

> A railroad company shall be allowed a credit
> against the tax imposed by this act for the taxable
> year in an amount equal to 25% of the amount
> expended for the maintenance or improvement of
> rights of way, including those items, except depre-
> ciation, in the official maintenance-of-way and cap-
> ital track accounts of the railroad company, in this
> state during the calendar year preceding the tax
> year but not to exceed the total liability for the
> tax under this act.

As a result of this credit, neither railroad paid any
of the utility taxes for which they would otherwise
have been liable during the tax years in question.

Both the C&O and the GTW filed their Michigan
tax returns for the years in question under the
Single Business Tax Act (SBTA), MCL 208.1 *et seq.*;
MSA 7.558(1) *et seq.* Both railroads claimed a
credit under SBTA § 39(2), MCL 208.39(a); MSA
7.558(39)(2), which provided:

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

A person eligible to file under section 57 who has a net operating loss for 2 or more years or has had a net operating loss for each year of operation immediately preceding the current tax year, shall be allowed a credit against the tax imposed by this act in an amount equal to the following percentage of the tax imposed under Act. No. 282 of the Public Acts of 1905, as amended: 5% for the 1977 and 1978 tax year; 4% for the 1979 tax year; 3% for the 1980 tax year, 2% for the 1981 tax year, and 1% for the 1982 tax year. The credit allowed by this subsection shall not be in excess of the tax liability of the taxpayer under this act. This subsection shall expire December 31, 1982.

Pursuant to SBTA § 39, the C&O subtracted the appropriate percentage of PUTA tax imposed, but not paid, against its single business tax liability. The GTW requested a refund based on application of the SBTA § 39 credit.

Defendant disallowed the SBTA § 39 credit in both cases because the railroads had never actually had to pay the public utility taxes. The C&O's tax liability was reassessed to exclude the credit and the GTW's refund request was denied.

The GTW filed a complaint in the Court of Claims and moved for summary disposition under MCR 2.116(C)(10). Defendant filed a cross-motion for summary disposition under MCR 2.116(C)(10). The C&O petitioned the Tax Tribunal, contesting defendant's assessment, and moved for summary disposition under MCR 2.116(C)(10). Again, defendant filed a cross-motion for summary disposition under MCR 12.116(C)(10). In both cases, the railroads' motions were granted and defendant's motions were denied.

The principal issue before us is the proper construction of SBTA § 39(2), which allowed the taxpayer an SBT credit in the amount equal to a

percentage of "the tax imposed" on the taxpayer under PUTA. Defendant has stipulated (in the C&O case) or admitted (in the GTW case) that the public utilities taxes were in fact imposed on the railroads.

When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. The language of the statute itself is the best source for ascertaining intent. *In re Condemnation of Lands*, 133 Mich App 207, 210-211; 349 NW2d 261 (1984), lv den 421 Mich 856 (1985). An act must be read in its entirety, and meaning given to one section after consideration of the other sections so as to produce a harmonious and consistent act as a whole. If an act is clear and unambiguous, then judicial construction or interpretation is unwarranted. *Stratton-Cheeseman Management Co v Dep't of Treasury*, 159 Mich App 719, 724-725; 407 NW2d 398 (1987). In doubtful cases, statutes must be construed against the taxing authority. *Ecorse Screw Machine Products Co v Corp & Securities Comm*, 378 Mich 415, 418; 145 NW2d 46 (1966).

We do not find the language of SBTA § 39(2) to be ambiguous. When statutory language is clear and unambiguous, the Legislature must have intended the meaning it plainly expressed and the statute must be enforced as written. *Nerat v Swacker*, 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986). The wording of § 39 explains the credit as being "against the tax imposed by" the single business tax act. Tax "imposed" is an entirely different concept from tax paid. Indeed, in the immediately preceding sections, MCL 208.38a, 208.38b; MSA 17.558 (38a), 17.558(38b), the Legislature has demonstrated that if it wants a credit to be based on amounts paid, it specifically so states.

We are persuaded that the taxes imposed on, but not paid by plaintiffs were allowable as credits against SBTA § 39.

Affirmed.