GRAND TRAVERSE CONVENTION AND VISITOR'S BUREAU v
PARK PLACE MOTOR INN, INC

Docket No. 101732. Submitted December 8, 1988, at Grand Rapids.
Decided April 17, 1989. Leave to appeal applied for.

The Traverse City Area Convention and Visitor's Bureau levied
assessments against Park Place Motor Inn, Inc., pursuant to
the Community Convention and Tourism Marketing Act. Park
Place refused to pay the assessments and, in May, 1982, the
bureau filed suit against Park Place in Grand Traverse Circuit
Court seeking payment of the assessments. In February, 1984,
the court entered judgment against Park Place in the amount
of $101,084.22 for sums due through December 31, 1983. Park
Place satisfied the judgment, but failed to make any further
payments to the bureau. The bureau continued to operate until
March 31, 1985. On April 1, 1985, the Grand Traverse Conven-
tion and Visitor's Bureau was incorporated to replace the
Traverse City Bureau because of an amendment to the market-
ing act. Traverse City Bureau was dissolved on April 1, 1985,
but assigned to Grand Traverse Bureau its interest in uncol-
lected assessments. Grand Traverse Bureau filed suit against
Park Place in Grand Traverse Circuit Court to recover assess-
ments due from January 1, 1984, to the date of the complaint.
The court, William R. Brown, J., granted partial summary
disposition in favor of plaintiff on those assessments due to
Traverse City Bureau, but assigned to plaintiff. Statutory inter-
est and delinquency charges were added to the amount of the
assessments. Delinquency charges were computed at the rate of
ten percent per month. Defendant appealed.

The Court of Appeals held:

1. Defendant has standing to challenge the assignability of
the cause of action.

2. Assignment of Traverse City Bureau's interest in the
uncollected assessments to Grand Traverse Bureau was permis-
sible under the act.

3. Assessments which became delinquent after April 12, 1984,

---

· References
Am Jur 2d, State and Local Taxation § 851, 856-865.

the effective date of the amendment to the act, are subject to the lowered penalty rate of 1.5 percent per month.

Affirmed in part, reversed in part, and remanded for amendment of the judgment to reflect a penalty rate of 1.5 percent per month on the delinquent assessments.

1. ASSIGNMENTS — UNPAID ASSESSMENTS — COMMUNITY CONVENTION AND TOURISM MARKETING ACT.

A convention and visitor's bureau's interest in unpaid assessments levied pursuant to the Community Convention and Tourism Marketing Act is assignable to its successor bureau where the creation of the successor bureau was necessitated by an amendment of the act (MCL 141.871 *et seq.*; MSA 5.3194[381] *et seq.*).

2. FORFEITURES AND PENALTIES — COMMUNITY CONVENTION AND TOURISM MARKETING ACT — ASSESSMENTS — DELINQUENT PAYMENTS.

Assessments levied under the Community Convention and Tourism Marketing Act which became delinquent after April 12, 1984, the effective date of an amendment to that act, are subject to the lowered penalty rate of 1.5 percent per month rather than the ten percent rate in effect up to the effective date of the amendment (MCL 141.875; MSA 5.3194[385]).

*Cunningham, Davison, Beeby, Rogers & Alward* (by *Thomas R. Alward*), for plaintiff.

*Mark A. Hullman,* for defendant.

Before: DOCTOROFF, P.J., and SAWYER and R. J. JASON,* JJ.

R. J. JASON, J. Defendant, Park Place Motor Inn, Inc., appeals as of right from the October 1, 1986, circuit court order awarding plaintiff, Grand Traverse Convention and Visitor's Bureau, $125,650.34 for assessments, interest, and penalties under the Community Convention and Tourism Marketing Act, MCL 141.871 *et seq.*; MSA 5.3194(381) *et seq.* The order is final only as to those assessments

* Circuit judge, sitting on the Court of Appeals by assignment.

made for the period between January 1, 1984, and March 31, 1985.

The assessments which are the subject of this appeal were originally made by, and payable to, the Traverse City Area Convention and Visitor's Bureau (Traverse City Bureau). That entity was created under 1980 PA 395, MCL 141.871 *et seq.*; MSA 5.3194(381) *et seq.*, as part of the local chamber of commerce. The Traverse City Bureau also experienced problems with collecting assessments from defendant. In 1982, the Traverse City Bureau sued defendant to recover assessments due, resulting in a judgment in its favor which covered assessments made through December 31, 1983. That decision was affirmed on appeal in *Traverse City Area Convention & Visitor's Bureau v Park Place Motor Inn, Inc,* unpublished opinion per curiam of the Court of Appeals, decided May 14, 1986 (Docket No. 77103), lv den 426 Mich 867 (1986).

1984 PA 59 amended the act to require all convention bureaus operating under it to be nonprofit corporations, separate from the local chamber of commerce. MCL 141.872(e); MSA 5.3194(382)(e). As allowed by the new amendment, the Traverse City Bureau continued to operate with its marketing program until March 31, 1985. On April 1, 1985, plaintiff incorporated as a replacement for the Traverse City Bureau. Traverse City Bureau was dissolved on April 1, 1985, but assigned to plaintiff its interest in uncollected assessments.

Plaintiff then brought this suit to recover assessments due from January 1, 1984, to the date of the complaint. The trial court granted plaintiff partial summary disposition on those assessments due to Traverse City Bureau, but assigned to plaintiff. Statutory interest and a penalty figure were added

to this amount for the final judgment with respect to these assessments.

Defendant challenges the validity of the assignment and the percentage rate used to calculate the penalty due. Since the assignment from Traverse City Bureau to plaintiff is the authority under which plaintiff seeks to collect the assessments, we will address this issue first.

Defendant argues that the act does not authorize the assignment of assessments or causes of action to recover assessments due. Plaintiff responds that defendant has no standing to challenge the assignment. We conclude that defendant has standing to challenge the assignability of a cause of action. See, e.g., *Weston v Dowty,* 163 Mich App 238; 414 NW2d 165 (1987), and *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412; 383 NW2d 219 (1985), lv den 425 Mich 865 (1986), each finding that the prohibition against assignment of a legal malpractice claim renders such an assignment invalid.

Generally, all legitimate causes of action are assignable. *Moorhouse,* p 421. We see nothing in the statute which would prohibit the assignment of uncollected assessments from the Traverse City Bureau to plaintiff. The essential question is whether the act as a whole should be construed to allow assignments. In answering this question, our primary objective must be to give effect to the Legislature's intent. *Grand Trunk W R Co v Dep't of Treasury,* 170 Mich App 384, 388; 427 NW2d 580 (1988).

MCL 141.876; MSA 5.3194(386) provides in part:

(1) The assessment revenues collected pursuant to this act shall not be state funds. The money shall be deposited in a bank or other depository in this state, in the name of the bureau, and shall be

disbursed only for the expenses properly incurred by the bureau with respect to the marketing programs developed by the bureau under this act.

It appears to us that in order for the Traverse City Bureau to legally dispense funds due after its dissolution, it must first pay obligations properly incurred under its marketing program and then assign the remaining revenues to its successor bureau. We cannot perceive a contrary intention from the statute and conclude that the assignment from the Traverse City Bureau to plaintiff was permissible.

Defendant's only other issue on appeal is whether the percentage rate used to calculate the penalty portion of the judgment was erroneous. Under 1980 PA 395, assessments remaining unpaid after ninety days from the date due were subject to a penalty of ten percent per month, or portion thereof, that the assessment remained unpaid. 1984 PA 59 amended that provision, replacing the 10 percent with 1.5 percent. MCL 141.875; MSA 5.3194(385).

Under Michigan law, the repeal of a statute does not release any penalty accrued under the previous statute. MCL 8.4a; MSA 2.214; *Walper v Knowles,* 295 Mich 687, 691-692; 295 NW 363 (1940). However, no penalties accrued for the assessments at issue here until May, 1984, after the April 12, 1984, effective date of 1984 PA 59.

Plaintiff argues that, since 1984 PA 59 provided for the continuation of a preexisting district and marketing program, the Traverse City Bureau operated under the old statute, thereby saving the ten percent-per-month delinquency charge. We disagree.

MCL 141.880; MSA 5.3194(390) preserves preexisting assessment districts and marketing pro-

grams for one year following the effective date of 1984 PA 59. A "marketing program" is defined in MCL 141.872(g); MSA 5.3194(382)(g) as

> a program established by a bureau to develop, encourage, solicit, and promote convention business or tourism within this state or a portion of this state within which the bureau operates. The encouragement and promotion of convention business or tourism shall include any service, function, or activity, whether or not performed, sponsored, or advertised by a bureau, which intends to attract transient guests to the assessment district.

We note that the penalty provision does not appear on the statutory list of what a "marketing program" may include. MCL 141.884; MSA 5.3194(394). The penalty amount is not even required to be printed on the marketing program notice described in MCL 141.883; MSA 5.3194(393). We conclude that the penalty for delinquent assessments is not a part of a marketing program, as that term is used in the statute. Therefore, assessments which became delinquent after 1984 PA 59 became effective are subject to the lowered rate of 1.5 percent per month.

The trial court reasoned that an integral part of the continued operation of the Traverse City Bureau was for collection of assessment revenues. Assessment revenues are defined in the statute to include penalties. MCL 141.872(c); MSA 5.3194(382)(c). We note that, while the savings clause provides for the continuation of the assessment district and marketing program, it does not provide for the continuation of the more generic "operation," which arguably might include the ten percent penalty rate.

Affirmed in part, reversed in part, and re-

manded for amendment of the judgment to reflect a penalty rate of 1.5 percent per month on the delinquent assessments. We do not retain jurisdiction.