*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORTHLAND RADIOLOGY, INC.,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
February 26, 2019

No. 340243
Wayne Circuit Court
LC No. 16-015617-NF

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

In this action for recovery of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Northland Radiology, Inc., appeals as of right the trial court's order granting summary disposition in favor of defendant, City of Detroit. We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS

Robert Allen allegedly sustained injuries while a passenger on a bus operated by the Detroit Department of Transportation. Plaintiff provided various healthcare services to Allen for his injuries. Defendant refused to reimburse plaintiff for its services.[1] On November 30, 2016, plaintiff filed this cause of action against defendant seeking recovery of PIP benefits for the services rendered to Allen.

While this case was pending in the lower court, the Michigan Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 218; 895 NW2d 490 (2017), and held that "[a] healthcare provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits."[2] Defendant subsequently

---

[1] It appears that defendant is a self-insured entity under the no-fault act under MCL 500.3101d.

[2] This Court subsequently held that *Covenant* applies retroactively. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 195-196; 920 NW2d 148 (2018).

moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to assert a claim upon which relief can be granted), arguing that *Covenant* was dispositive of plaintiff's statutory action for recovery of PIP benefits. In response, plaintiff moved for leave to amend its complaint to assert a claim based on previous assignments to collect obtained from Allen. Additionally, on June 27, 2017, plaintiff obtained an "Assignment of Rights" from Allen, which provides, in part:

> For valuable consideration as set forth herein, Assignor hereby certifies that upon execution of this agreement, Assignor has incurred charges with respect to Services from Assignee on or before the date of execution for which the rights, privileges, claims and remedies for payment for each of those Services are hereby assigned to Assignee.

> \* \* \*

> This is an assignment of the right to enforce payment of charges incurred for Services, for which charges are payable under any policy of insurance, contract, legal claim and/or statute. Such assignment shall include, in Assignee's sole discretion, the right to appeal a payment denial under any procedure outlined in any insurance policy, contract or statute and/or the right to file suit to enforce the payment of benefits due or past due for the Services incurred and resulting charges.[3]

After the trial court granted plaintiff's motion to amend, plaintiff filed an amended complaint reflecting its status as Allen's assignee and asserting a claim for no-fault benefits under an assignment-of-rights theory.

Meanwhile, plaintiff also opposed defendant's motion for summary disposition, arguing that its amended complaint sought recovery of PIP benefits under an assignment-of-rights theory, which *Covenant* did not prohibit. In response, defendant argued that Allen's right or claim to recovery of PIP benefits under the no-fault act was not assignable. Defendant asserted that, because there was no contract of insurance between Allen and defendant, Allen did not have a contractual right to PIP benefits to assign, and there was no legal authority permitting the assignment of his statutory right to PIP benefits. Defendant also challenged the validity of the assignment itself, questioning whether Allen had the requisite capacity and intent to assign his right to recover PIP benefits and whether the assignment was supported by consideration or was unconscionable. The trial court agreed with defendant's argument that Allen's statutory right to recover PIP benefits under the no-fault act was not assignable, granted defendant's motion for summary disposition, and entered an order dismissing plaintiff's case. The trial court denied plaintiff's motion for reconsideration. This appeal ensued.

---

[3] Plaintiff attached this assignment as an exhibit to the amended complaint, and thus, it is part of the pleadings. MCR 2.113(F)(1) and (2) ("If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit," and the exhibit attached is part of the pleading).

## II. STANDARD OF REVIEW

Plaintiff challenges the trial court's decision on defendant's motion for summary disposition, which was brought under MCR 2.116(C)(8). " 'This Court reviews de novo the trial court's decision to grant or deny summary disposition.' " *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 205-206; 920 NW2d 148 (2018), quoting *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. *Shah*, 324 Mich App at 206. Our review is governed by the following standards:

> All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." When deciding a motion brought under this section, a court considers only the pleadings. [*Id.*, quoting *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999).]

Further, issues involving the interpretation of contracts and the interpretation and application of statutes are subject to de novo review. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 196; 826 NW2d 197 (2012).

## III. ANALYSIS

The Michigan Supreme Court in *Covenant*, 500 Mich at 217-218, held that healthcare providers, such as plaintiff, do not possess an independent statutory cause of action against an insurer to recover PIP benefits under the no-fault act. However, the Supreme Court expressly recognized that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at 217 n 40, citing MCL 500.3143 and *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998). See also *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 307; 917 NW2d 682 (2018) ("[A]n injured person may assign his or her right to past or presently due benefits to a healthcare provider.") (quotation marks and citation omitted). Accordingly, post-*Covenant*, this Court has permitted a healthcare provider who no longer possesses an independent statutory cause of action against an insurer for recovery of PIP benefits under the no-fault act to pursue recovery under an assignment-of-rights theory. See *Bronson Healthcare*, 323 Mich App at 306-307; *W A Foote Memorial Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017).

Consistent with *Covenant*, plaintiff amended its complaint to pursue recovery of PIP benefits for services rendered based on the assignment of rights obtained from Allen, the injured party. As defendant asserts, there is no dispute that Allen's right to payment of PIP benefits from defendant did not arise out of an insurance contract between Allen and defendant. Thus,

Allen does not possess a contractual right to payment of PIP benefits under an insurance policy to assign to plaintiff.[4]

Allen, however, does possess a statutory right to payment of PIP benefits from defendant. Under the no-fault act, "[a]n insurer is liable to pay personal protection insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, subject to the provisions of the no-fault act." *Prof Rehab Assoc*, 228 Mich App at 171, citing MCL 500.3105(1). Under MCL 500.3107(1)(a), PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation." Under MCL 500.3112, "[p]ersonal protection insurance benefits are payable to or for the benefit of an injured person." Further, *Covenant*, 500 Mich at 210-217, makes clear that the claim for payment of PIP benefits belongs to the injured party under the no-fault act. Accordingly, under the act, Allen possesses a statutory right or claim to payment of PIP benefits from defendant, thereby giving rise to a cause of action to recover those benefits when, as here, defendant has refused to pay. MCL 500.3145(1) (regarding actions for recovery of PIP benefits payable under the no-fault act). At issue is whether Allen's statutory right or claim to payment of no-fault PIP benefits is assignable in the absence of an insurance contract. We conclude that that it is.

Under Michigan law, "[g]enerally, all legitimate causes of action are assignable." *Grand Traverse Convention & Visitor's Bureau v Park Place Motor Inn, Inc*, 176 Mich App 445, 448; 440 NW2d 28 (1989). Accordingly, we must determine whether the no-fault act prohibits the assignment of an injured party's statutory right to recover PIP benefits to a healthcare provider. "The essential question is whether the act as a whole should be construed to allow assignments." *Id.* "In answering this question, our primary objective must be to give effect to the Legislature's intent." *Id.*

Looking to the no-fault act, MCL 500.3143 governs assignments, and provides, in full, "An agreement for assignment of a right to benefits payable in the future is void." This Court has construed this provision, concluding that the no-fault act permits an insured to assign his or her right to past due or presently due PIP benefits, but prohibits the assignment of future rights to PIP benefits. *Prof Rehab Assoc*, 228 Mich App at 172. This Court held:

> Under the plain language of the statute, "a right to benefits payable in the future" is distinguishable from a right to past due or presently due benefits. Keeping in mind our duty to discern and effectuate the intent of the Legislature, we believe that if the Legislature had intended to prohibit the assignment of all rights, it would not have included the word "future" in the language of the statute. The

---

[4] The Court in *Covenant* left open the question whether a healthcare provider has a contractual right to sue a no-fault insurer as an intended third-party beneficiary of a contract between the insured and the insurer. *Covenant Med Ctr*, 500 Mich at 217 n 39. While plaintiff also alleged that defendant breached its contractual duties pursuant to the contract, there is no contract between Allen, the injured party, and defendant, the responsible insurer.

Legislature is presumed to have intended the meaning that a statute plainly expresses. [*Id.* (citation omitted).]

See also *Shah*, 324 Mich App at 216 (SHAPIRO, J., concurring in part and dissenting in part) ("By not including past-due benefits in this statutory prohibition, the Legislature, under the doctrine of *expressio unius est exclusio alterius*, made clear its intent to adhere to the fundamental principle that assignments of past-due benefits are effective and proper."). And, consistent with *Prof Rehab Assoc*, in *Covenant* our Supreme Court explicitly recognized the continued ability of an insured to assign his or her right to past due or presently due PIP benefits. *Covenant Med Ctr*, 500 Mich at 217 n 40 (explaining that *Covenant*'s holding does not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider.").

Contrary to defendant's argument, there is nothing in the no-fault act from which we can discern that the Legislature intended to prohibit the injured party from assigning his statutory right to payment of PIP benefits under the act in the absence of a contractual right. *Grand Traverse*, 176 Mich App at 448 ("[O]ur primary objective must be to give effect to the Legislature's intent."). Such a result would not only run contrary to the no-fault act, MCL 500.3143 (prohibiting only assignments of future benefits), but also the general rule under Michigan law that "all legitimate causes of action are assignable," *Grand Traverse*, 176 Mich App at 448, and that accrued claims for PIP benefits are freely assignable, *Shah*, 324 Mich App at 200 (opinion of the Court). Defendant has not shown why an injured party who assigned his or her statutory right for payment of accrued PIP benefits in the absence of a contractual right through an insurance policy warrants a different result under the act. Moreover, allowing an injured party to assign his or her statutory right or claim to recover PIP benefits arguably furthers the purpose of the no-fault act to provide " '*assured*, adequate, and prompt reparation for certain economic losses.' " *Shah*, 324 Mich App at 215 (SHAPIRO, J., concurring in part and dissenting in part), quoting *Shavers v Attorney General*, 402 Mich 554, 579; 267 NW2d 72 (1978). Thus, we hold that an injured party's assignment of his or her statutory right or claim to PIP benefits is permissible.

Because "an assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed," *Prof Rehab Assoc*, 228 Mich App at 177, plaintiff, as assignee of Allen's right to recover PIP benefits that are past or presently due, possesses whatever rights Allen had to recover the benefits. Thus, we conclude that plaintiff, pursuant to Allen's assignment of his statutory right to past or presently due PIP benefits, has stated a viable claim for recovery of PIP benefits against defendant under an assignment-of-rights theory. The trial court erred in granting summary disposition to defendant on the basis that Allen's statutory right or claim to recover PIP benefits is not assignable in the absence of a contract of insurance with defendant.

Defendant also challenges the validity of the assignment itself on the grounds that Allen lacked the capacity and intent to contract and that the assignment lacked consideration and was unconscionable. These issues were not addressed by the trial court. Apart from noting that these arguments appear to require factual development—and therefore do not constitute appropriate grounds for summary disposition under MCR 2.116(C)(8), see *Shah*, 324 Mich App at 206 (opinion of the Court) ("When deciding a motion brought under this section, a court considers

-5-

only the pleadings.") (quotation marks and citation omitted)—we decline to address them in the first instance on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica