*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REHAB R US, LLC, and WELLNESS
TRANSPORTATION, LLC,

UNPUBLISHED
April 18, 2019

Plaintiffs-Appellants,

v

No. 340232
Wayne Circuit Court
LC No. 15-011499-NF

GEICO INDEMNITY COMPANY,

Defendant-Appellee.

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

In this suit seeking recovery of personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiffs Rehab R Us, LLC, and Wellness Transportation, LLC, appeal as of right an order granting defendant's motion for dismissal pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm, albeit on alternative grounds.

## I. BACKGROUND

On April 8, 2013, George Marcos, who is not a party to this proceeding, was injured in a car accident. At the time of the accident, Marcos was insured under a no-fault insurance policy issued by defendant. Marcos received medical treatment from Rehab R Us, and he was provided transportation to and from that treatment by Wellness Transportation. Plaintiffs filed their complaint in this matter against defendant as a direct action under MCL 500.3107(1)(a), seeking reimbursement for the services they provided to Marcos. Plaintiffs contended that under MCL 500.3112, PIP benefits were payable for the services they had rendered, and defendant had refused or unreasonably delayed payment. Considerable motion practice transpired, following which, on May 25, 2017, our Supreme Court decided *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In *Covenant*, our Supreme Court held that healthcare providers did not have a direct statutory cause of action against no-fault insurers, although they were not precluded from bringing such claims as assignees of the insured. *Id*. at 196, 217 n 40.

On June 13, 2017, defendant then moved for summary disposition pursuant to MCR 2.116(C)(8), alleging that plaintiffs' direct causes of action were now precluded by *Covenant*. Defendant also asserted that plaintiffs had no other possible cause of action because the insurance policy did not make plaintiffs third-party beneficiaries, and the policy contained an antiassignment clause. Shortly thereafter, on June 30, 2017, Marcos assigned to plaintiffs his rights to payment for services that they had provided.[1] Plaintiffs sought leave from the trial court to amend their complaint in light of *Covenant*'s significant alteration to the understanding by the bench and bar, at the time the complaint was filed, that healthcare providers did have a direct cause of action against no-fault insurers for PIP benefits. The trial court ultimately agreed with defendant and granted summary disposition in defendant's favor. The trial court reasoned that although plaintiffs were not precluded from pursuing a cause of action premised on standing derived from an assignment, the particular assignment here was unenforceable because it was ambiguous and purported to assign future benefits, and it did not appear to contain a severable assignment for past benefits.

## II. STANDARD OF REVIEW

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Because the trial court considered materials beyond the pleadings, we treat the trial court's grant of summary disposition as having been brought and decided pursuant to MCR 2.116(C)(10). *Jawad A Shah, MD, PC v State Farm Mut Automobile Ins Co*, 324 Mich App 182, 206-207; 920 NW2d 148 (2018). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Maiden*, 461 Mich at 120. The trial court must, upon granting summary disposition, provide the parties an opportunity to amend their pleadings unless the amendment would merely restate allegations already made or would not state a claim. *Shah*, 324 Mich App at 209. Leave to amend should generally be freely given, and we review the trial court's decision whether to do so for an abuse of discretion. *Id*. at 207-208.

Finally, "[q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Shah*, 324 Mich App at 196 (quotation marks and citation omitted). Insurance policies are "subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Id*. at 464. "[U]nambiguous contracts are not open to judicial construction and must be enforced as written." *Id*. at 468 (emphasis omitted). "[T]he judiciary is without authority to modify unambiguous contracts or rebalance the contractual equities struck by the contracting parties . . ." *Id*. at 461.

---

[1] Marcos executed two assignments, one in favor of each plaintiff.

## III. ANTIASSIGNMENT CLAUSE

This Court has clearly and definitely explained that although, in light of *Covenant*, healthcare providers do not have a direct cause of action against no-fault providers for PIP benefits, healthcare providers with actions pending must be given an opportunity to amend their complaints to, potentially, restate claims premised on assignments from the insureds. See *Bronson Healthcare Group Inc v Michigan Assigned Claims Plan*, 323 Mich App 302, 305-307; 917 NW2d 682 (2018). All causes of action are generally assignable. *Grand Traverse Convention and Visitor's Bureau v Park Place Motor Inn, Inc*, 176 Mich App 445, 448; 440 NW2d 28 (1989). An unambiguous antiassignment clause in a contract will be enforced, but only if that clause does not violate the law or public policy. *Shah*, 324 Mich App at 198. Defendant's argument, that antiassignment clauses may validly preclude the assignment of accrued actions or claims, has been rejected by public policy in this state for more than a century and continues to be rejected today. *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880); *Shah*, 324 Mich App at 200; *Henry Ford Health Sys v Everest Nat'l Ins Co*, __ Mich App__, __; __NW2d__ (2018) (Docket No. 341563); slip op at 5.

The antiassignment clause in defendant's contract with Marcos unambiguously violates public policy, and is consequently unenforceable, to the extent it precludes Marcos from making post-loss assignments of accrued actions or claims. MCL 500.3143 prohibits the assignment of future benefits, but it does not preclude the assignment of past due or presently due benefits. See *Professional Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998). The issue before us is not whether Marcos could properly assign claims to plaintiffs as a basis for plaintiffs to have standing, but whether Marcos successfully did make such assignments here.

## IV. AMBIGUITY OF ASSIGNMENTS

The trial court's grant of summary disposition was premised in significant part on its finding that the assignments in this matter were ambiguous. The relevant provision of the assignments at issue in this case states:

> This is an assignment of the right to enforce payment of *charges incurred* for Services, for which charges are payable under any policy of insurance, contract, legal claim and/or statute. Such assignment shall include, in Assignee's sole discretion, the right to appeal a payment denial under any procedure outlined in any insurance policy, contract or statute and/or the right to file suit to enforce *the payment of benefits due or past due for the Services incurred* and resulting charges. [Emphasis added.]

The trial court concluded that the language of the assignments was "ambiguous" because they assigned both past and future benefits by assigning "the right to enforce payment of charges incurred for Services, for which charges are payable." The trial court therefore found the assignments void because, as noted, MCL 500.3143 precludes the assignment of future benefits. We conclude that the trial court misunderstood the assignments.

The use of the word "incurred" in the assignment, which is past tense, shows that the assignments apply to past benefits. The assignments included a right to enforce payment of "benefits due or past due," but did not mention any benefits potentially due in the future. Furthermore, the assignments begin with an acknowledgement that Marcos has "received" services from plaintiffs and "incurred" charges for those services. The assignment conveys both the right and obligation "to pursue payment for Services rendered," but nothing about that conveyance suggests that it pertains to services yet to be rendered. The plain language of the assignments shows that they were unambiguous, and the insured assigned his "right to past or presently due benefits" to plaintiffs. *Covenant*, 500 Mich at 217 n 40.

The trial court relied additionally on language in plaintiffs' proposed amended complaint stating that plaintiffs were seeking "payment for any additional services provided during the pendency of this matter." Plaintiffs argue that the trial court therefore improperly considered parol evidence. We disagree, because the proposed amended complaint is not "evidence of contract negotiations, or of prior or contemporaneous agreements." See *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998) (quotation omitted). The trial court did not need to consider evidence beyond the assignments themselves, because they were unambiguous. Nevertheless, having done so, it is clear from reading the proposed amended complaint that plaintiffs only sought reimbursement for services provided from 2013 through 2015, long before the assignments were made. Consequently, to the extent the trial court considered the proposed amended complaint, it should have reaffirmed that the assignments unambiguously covered only accrued claims. The trial court therefore erred by invalidating the assignments.

## V. ONE-YEAR BACK RULE

Defendant raises as an alternative basis for affirmance the argument that plaintiffs' claims are barred by the "one-year back rule," MCL 500.3145(1). Under MCL 500.3145(1), "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." This rule "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). Defendant argues that the "one year back" must be measured from the date of the assignments, not from the date of the original complaint, and therefore all of the services rendered by plaintiffs are outside the one-year window.

Appellees need not file a cross-appeal to argue that a judgment should be affirmed on grounds rejected by a lower court. See *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). Defendant candidly admits that it raises this issue for the first time on appeal, so it is technically not preserved. *Polkton Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). However, defendant's argument is premised to a great extent on *Shah*, which was not decided until after the trial court denied plaintiffs' motion for reconsideration, so in the interest of fairness, we will consider this argument to be merely a more sophisticated or fully-developed argument rather than a wholly novel one. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). We are dubious whether this argument can be deemed properly presented in defendant's Statement of Questions Presented. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000). Nevertheless, "the issue involves a question of law and

the facts necessary for its resolution have been presented," *Smith v Foerster-Bolser Const, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006), and judicial economy warrants entertaining this argument.

Defendant correctly observes that in *Shah*, this Court held that an amended complaint in an action of this nature, if premised on an assignment that occurred after the filing of the original complaint, must be considered a *supplemental* pleading, rather than a truly *amended* pleading. *Shah*, 324 Mich App at 203-205. An amended pleading adding a claim will relate back to the date of the original pleading, whereas a supplemental pleading will not. *Id*. at 203. Because the assignments here occurred after the original complaint was filed, any "amended complaint" plaintiffs could file would be considered a supplemental pleading that could not relate back to the date of the original complaint. *Id*. at 203-205. Because the assignments themselves did nothing more than grant plaintiffs whatever rights Marcos had on June 30, 2017, when the assignments were executed, the one-year-back rule precludes plaintiffs from recovering payment for services provided prior to June 30, 2016. See *Shah*, 324 Mich App at 202-205.

## VI. CONCLUSION

The trial court erroneously found the assignments to be ambiguous. The assignments clearly and unambiguously assign only accrued rights from the past. Defendant is incorrect in arguing that the antiassignment clause in the contract may preclude an insured from assigning accrued rights, claims, or actions. Consequently, the assignments here are proper and valid. However, because the assignments were made after the original complaint was filed, any amended complaint premised on the assignments for standing must be considered a supplemental pleading that does not relate back to the date of the original complaint. The assignments only conveyed what rights Marcos had at the time when they were made, which, pursuant to the one-year-back rule, only included rights to payment for services rendered after June 30, 2016. Because all of the services were rendered by plaintiffs prior to that date, any amendment would be futile.

We therefore affirm the trial court's grant of summary disposition, albeit on alternative grounds. We direct that the parties shall bear their own costs on appeal, MCR 7.219(A), in light of the trial court's error and the unpreserved nature of the basis for our affirmance.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra