PROFESSIONAL REHABILITATION ASSOCIATES v STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 195938. Submitted October 7, 1997, at Lansing. Decided February 20, 1998, at 9:15 A.M.

Professional Rehabilitation Associates, as the assignee of Clifford Lay's rights under a no-fault automobile insurance policy issued by State Farm Mutual Automobile Insurance Company, brought an action in the 52-1 District Court against State Farm, seeking personal protection insurance benefits for medical and rehabilitative services rendered by Professional Rehabilitation to Lay. The court, Brian W. MacKenzie, J., granted summary disposition for State Farm, ruling that the action was barred by the one-year statute of limitations in the no-fault act, MCL 500.3145; MSA 24.13145, because Lay's guardian had not filed a claim for benefits within one year of her appointment. The court rejected the plaintiff's argument that the period of limitation was tolled by MCL 600.5851(1); MSA 27A.5851(1) by reason of Lay's insanity. The Oakland Circuit Court, Alice L. Gilbert, J., affirmed the decision of the district court on the different ground that no assignment of no-fault benefits is permitted under the no-fault act, MCL 500.3143; MSA 24.13143. The Court of Appeals denied leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted whether the circuit court and the district court erred in their rulings. 452 Mich 857 (1996).

The Court of Appeals held:

1. MCL 500.3143; MSA 24.13143 prohibits the assignment of future benefits, but not past due or presently due benefits such as those involved in Lay's assignment to Professional Rehabilitation Associates. The circuit court erred in ruling that the assignment was invalid.

2. The appointment of a guardian for a mentally incompetent person is not a removal of the disability under MCL 600.5851(1); MSA 27A.5851(1). Periods of limitation tolled by § 5851(1) do not resume running upon such an appointment. The district court erred in ruling that this action is barred by the statute of limitations.

Reversed and remanded to the district court for further proceedings.

1. INSURANCE — NO-FAULT — ASSIGNMENT OF BENEFITS.

The assignment of no-fault benefits payable in the future, but not those that are past due or presently due, is prohibited by the no-fault act (MCL 500.3143; MSA 24.13143).

2. LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING — INSANITY — GUARDIANS.

A statutory period of limitation that is tolled by reason of a plaintiff's insanity does not resume running upon the appointment of a guardian for the plaintiff (MCL 600.5851[1]; MSA 27A.5851[1]).

*Law Offices of Wayne J. Miller, P.C.* (by *Gloria Perez*), for the plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Melanie T. Frazier*), for the defendant.

Before: JANSEN, P.J., and DOCTOROFF and GAGE, JJ.

GAGE, J. This case is before this Court on remand from our Supreme Court for consideration as on leave granted. *Professional Rehabilitation Ass'n v State Farm Mut Automobile Ins Co*, 452 Mich 857 (1996). Plaintiff appeals an order issued by the circuit court that affirmed a district court order granting summary disposition to defendant. We reverse.

Defendant's insured, Clifford Lay, was injured in an automobile accident in October 1980. Within one year of the accident, Cherrie Lay was appointed her husband's guardian. Plaintiff provided extensive medical and rehabilitation services to Clifford. Defendant paid for some, but not all, of the services plaintiff provided. In a letter dated May 27, 1992, defendant denied payment for services plaintiff provided to Clifford on July 11, 1991, August 5, 1991, September 16, 1991, and December 31, 1991. On June 25, 1993, Cherrie Lay assigned Clifford's rights under the insurance

policy to plaintiff. Plaintiff filed suit in the district court on May 12, 1994, seeking to recover the balance due on plaintiff's account for the four unpaid 1991 service dates.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), alleging that the suit was barred by the no-fault act's one-year statute of limitations, MCL 500.3145; MSA 24.13145. Plaintiff defended on the basis of the insanity saving provision of the Revised Judicature Act (RJA), MCL 600.5851; MSA 27A.5851, arguing that it tolled the one-year-back provision. Plaintiff further contended that whether Clifford Lay had suffered a condition of mental derangement such that the insanity saving provision applied was a question of fact making summary disposition inappropriate. The district court granted defendant's motion and dismissed the claim. The court held that the one-year statute of limitations applied because Clifford's guardian was obligated to bring a lawsuit under the act within one year of her appointment. Plaintiff filed a motion for reconsideration, which was denied by the district court without elaboration, following a brief discussion on the record clarifying that plaintiff had, in fact, filed suit within one year of its receipt of the assignment.

Plaintiff then filed a claim of appeal with the circuit court, which affirmed the dismissal of plaintiff's claim on the separate ground that no assignment of no-fault benefits is permitted under MCL 500.3143; MSA 24.13143, an argument that had been raised by defendant in its response to plaintiff's district court motion for reconsideration. The circuit court disagreed with plaintiff's argument that assignment of past due or presently due benefits, as distinguished

from future benefits, was allowed and held that the assignment to plaintiff was void as a matter of law and that dismissal of plaintiff's claim had therefore been proper.

Next, plaintiff filed an application for leave to appeal to this Court, which this Court denied for lack of merit. Plaintiff's subsequent motion for rehearing was also denied. Plaintiff then filed an application for leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the matter to this Court "as on leave granted for it to consider whether the circuit court's opinion that the assignment is void under MCL 500.3143; MSA 24.13143, and whether the district court's opinion that the tolling provision for insanity was inapplicable because the injured person had a guardian, are clearly erroneous."

I

On remand, plaintiff first argues that the circuit court erred in holding that an assignment of past due no-fault benefits violates MCL 500.3143; MSA 24.13143. We agree.

This Court reviews grants of summary disposition de novo as a question of law. *Smith v Globe Life Ins Co*, 223 Mich App 264, 270; 565 NW2d 877 (1997). A motion for summary disposition tests the factual support for a claim to determine whether it can be resolved on an issue of law. *Id.* at 272. Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed that would result in an issue upon which reasonable minds could differ. *Id.* All inferences are to be drawn in favor of the nonmoving party. *Id.* Thus, before

judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by the evidence at trial because of some deficiency that cannot be overcome. *Id.*

Statutory interpretation is a question of law also subject to review de novo on appeal. *USAA Ins Co v Houston General Ins Co,* 220 Mich App 386, 389; 559 NW2d 98 (1996).

> The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. *If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written.* However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. [*Id.* at 389-390 (emphasis added; citations omitted).]

The no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, "was offered as an innovative social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort (or 'fault') liability system. The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978). An insurer is liable to pay personal protection insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, subject to the provisions of the no-fault act. MCL 500.3105(1); MSA 24.13105(1). The act itself fur-

ther notes that statutory benefits "are payable as loss accrues," MCL 500.3142(1); MSA 24.13142(1), and that benefits "are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2); MSA 24.13142(2).

The statute at issue, MCL 500.3143; MSA 24.13143, provides in full: "An agreement for assignment of a right to benefits payable in the future is void." We believe that this statutory language is "clear and unambiguous." *USAA Ins Co, supra* at 389. Under the plain language of the statute, "a right to benefits payable in the future" is distinguishable from a right to past due or presently due benefits. Keeping in mind our duty to discern and effectuate the intent of the Legislature, we believe that if the Legislature had intended to prohibit the assignment of all rights, it would not have included the word "future" in the language of the statute. The Legislature is presumed to have intended the meaning that a statute plainly expresses. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996).

Having found that the statute serves only to ban the assignment of benefits payable in the future and not those that are past due or presently due, we must determine whether the assignment in question purports to assign only past due and presently due benefits or whether it purports to assign future benefits as well. We could locate only one published opinion that interprets this provision in terms of an assignment to a medical provider, and that is the opinion cited by the circuit court in support of its dismissal of plaintiff's claim. In *Aetna Casualty & Surety Co v Starkey*,

116 Mich App 640; 323 NW2d 325 (1982), the parent of an injured child assigned to a hospital no-fault insurance benefits due from an insurer. Although plaintiff argues that the assignment in *Aetna* was executed before the provision of any services and by its terms applied to future benefits, the opinion does not make this point clear. This Court described the language of the assignment as purporting to assign "any insurance benefits from Aetna which would become due and payable," *id.* at 642, or as "any benefits which would become payable." *Id.* at 646. By its own language, the *Aetna* assignment dealt with benefits that "would become" payable, and this Court held that this prior assignment of personal protection benefits to a medical provider was void under MCL 500.3143; MSA 24.13143. However, this Court did not hold that any assignment of benefits, including those past due or presently due would be invalid.

The assignment in the present case provided for

> all of Clifford Lay's rights to be reimbursed or to have counseling services expenses paid by State Farm Mutual Automobile Insurance Company and any other insurer or self-insurer for services provided by Professional Rehabilitation Associates in connection with injuries to Clifford Lay arising out of an automobile accident.

We find the language of the assignment somewhat ambiguous. On the one hand, the assignment states "all of Clifford Lay's rights," which connotes both past and future benefits. On the other hand, it refers to "services provided" in the past tense. To the extent that the assignment can be read as assigning future benefits, that part of the assignment is void as a matter of law. MCL 500.3143; MSA 24.13143. This holding does not abrogate the entire assignment, however.

The failure of a distinct part of a contract does not void valid, severable provisions. *Samuel D Begola Services, Inc v Wild Bros*, 210 Mich App 636, 641; 534 NW2d 217 (1995). The primary consideration in determining whether a contractual provision is severable is the intent of the parties. *Id.*

In the present case, the assignment was made only after defendant had denied coverage for four specific service dates. Moreover, plaintiff sought recovery only for the specific service dates already denied by defendant. We conclude that the parties intended to assign Clifford Lay's right to recover payment for these past due benefits. To the extent that the parties purported to assign Clifford Lay's right to recover payment for those past service dates and therefore past due or presently due benefits, MCL 500.3143; MSA 24.13143 does not invalidate the assignment. The circuit court therefore erred in affirming the district court's grant of summary disposition to defendant on the ground that the assignment of benefits to plaintiff was invalid.

II

Plaintiff also argues that the district court erred in holding that the insanity saving provision of MCL 600.5851; MSA 27A.5851 was inapplicable because Clifford Lay had a court-appointed guardian who was obligated to file a lawsuit under the no-fault act within one year of her assignment. We agree.

The no-fault statute of limitations, MCL 500.3145; MSA 24.13145, provides in pertinent part:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the

date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Were it not for the saving provision of the Revised Judicature Act, we would hold that plaintiff's claim was time-barred. However, the general saving provision of the Revised Judicature Act applies to all causes of action created by Michigan statutes even when the statute creating the right contains its own limitation period. *Rawlins v Aetna Casualty & Surety Co*, 92 Mich App 268, 277; 284 NW2d 782 (1979). The saving provision applies to actions for the recovery of personal protection insurance benefits under the no-fault act. *Geiger v DAIIE*, 114 Mich App 283, 290-291; 318 NW2d 833 (1982). MCL 600.5851; MSA 27A.5851 provides in pertinent part:

(1) Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

(2) The term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise

bound to know and is not dependent on whether or not the
person has been judicially declared to be insane.

Defendant argues, and the district court apparently
agreed, that the appointment of a guardian for Clif-
ford Lay constituted removal of his disability, and
that Cherrie Lay thus had the responsibility to file a
lawsuit for the collection of the disallowed payments
within one year of her appointment as Clifford's
guardian. We disagree. In *Paavola v Saint Joseph
Hosp Corp*, 119 Mich App 10; 325 NW2d 609 (1982),
this Court held that the appointment of a guardian for
a mentally incompetent person is not a removal of the
disability under MCL 600.5851(1); MSA 27A.5851(1).
"Periods of limitation, therefore, do not begin to run
against insane persons upon such appointment."
*Paavola, supra* at 14. The disability saving provision
provides that an individual mentally incompetent at
the time a cause of action accrues may file the claim
before the applicable limitation period runs after the
disability is removed. *Calladine v Dana Corp*, 679 F
Supp 700, 702 (ED Mich, 1988). The period does not
begin to run with the appointment of a guardian on
behalf of a mentally incompetent person. *Id.*

Thus, in response to the Supreme Court's directive
on remand and to plaintiff's argument on appeal, we
find that the district court erred in holding that the
one-year-back rule barred the claim in the present
case because Clifford Lay's guardian had not filed suit
within one year of appointment. Whether Clifford Lay
had a condition of mental derangement such that the
insanity saving provision applies is a question of fact
that also rendered summary disposition inappropriate
and must be determined on remand to the district
court.

We note that defendant appears to concede this issue on appeal and contends that if plaintiff had demonstrated to the district court that it commenced its action within one year of its assignment, the lawsuit would not have been barred by the one-year-back rule. Contrary to defendant's claim that plaintiff never made the assignment a part of the district court record, we note that the assignment was attached as an exhibit to plaintiff's brief in opposition to defendant's motion for summary disposition in the district court and was thus part of the record below. Moreover, we note that an assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed. *First of America Bank v Thompson*, 217 Mich App 581, 587; 552 NW2d 516 (1996). Therefore, plaintiff stands in the shoes of Clifford Lay and possesses whatever right Clifford would have to collect past due or presently due benefits from defendant.

We find that the district court erred as a matter of law in granting summary disposition to defendant, and the circuit court erred in affirming the grant. We therefore reverse the circuit court's order affirming the district court's order, and we remand to the district court for proceedings consistent with this opinion. We do not retain jurisdiction.