*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORTH SHORE INJURY CENTER, INC.,
EXCELLENT PAIN CONSULTANTS, INC.,
and RED WINGS MEDICAL
TRANSPORTATION LLC,

UNPUBLISHED
February 26, 2019

Plaintiffs-Appellees,

and

NORTHLAND RADIOLOGY, INC.,

Intervening Plaintiff-Appellee,

v

No. 340357
Oakland Circuit Court
LC No. 2016-153794-NF

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying its motion for summary disposition in this action by healthcare providers to recover personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., for medical services provided to defendant's insured, Joys King. We affirm.

This case arises from a motor vehicle accident involving King, who was insured under a no-fault policy issued by defendant. Following the accident, King obtained medical care and transportation services from plaintiffs and intervening plaintiff, who thereafter sought payment

---

[1] *North Shore Injury Ctr, Inc v Home-Owners Ins Co*, unpublished order of the Court of Appeals, entered March 1, 2018 (Docket No. 340357).

from defendant. After defendant refused to pay, plaintiffs initiated this action and intervening plaintiff also filed a complaint against defendant.

Defendant moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiffs and intervening plaintiff had failed to state a claim upon which relief could be granted. Defendant argued that, under *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), plaintiffs and intervening plaintiff did not have a statutory cause of action.

The trial court denied the motion, holding that plaintiffs and intervening plaintiff "have an assignment" and "therefore, by way of assignment they have their own cause of action." The trial court also concluded that their assignments and causes of action were not invalidated by the insurance policy's anti-assignment clause because "it's an anti-transfer clause and not an anti-assignment clause and doesn't apply to benefits already incurred." The trial court entered an order denying the motion and granting plaintiffs and intervening plaintiff leave to amend their complaints. The trial court also denied defendant's motion for reconsideration. This appeal followed.

On appeal, defendant argues that the trial court erred by denying its motion for summary disposition because medical providers do not have a cause of action against insurers under the no-fault act and King was prohibited from splitting his cause of action into separate damage claims and assigning them to others. We disagree.

This Court reviews de novo a trial court's decision to deny a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(8) when the nonmoving party has failed to state a claim upon which relief can be granted. *Id*. at 119. A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and, therefore, this Court must base its decision on the pleadings alone. *Id*. All well-pleaded allegations must be accepted as true and construed in a light most favorable to the nonmoving party. *Johnson v Pastoriza*, 491 Mich 417, 434-435; 818 NW2d 279 (2012). The motion may be granted only when the allegations are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992), mod by *Patterson v Kleiman*, 447 Mich 429, 433-435 (1994).

Defendant first argues that this action is precluded by *Covenant*. We disagree.

In *Covenant*, our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196. The *Covenant* Court thereby "rejected the notion that a medical provider had independent standing to bring a claim against an insurer to recover no-fault benefits." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 187; 920 NW2d 148 (2018). However, the Court clarified that its conclusion was "not intended to alter the insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 217 n 40.

Under *Covenant*, plaintiffs and intervening plaintiff do not have a statutory cause of action against defendant to pursue payment of no-fault benefits, but clearly *Covenant* does not prevent their claims by way of assignment. King assigned his right to past or presently due benefits to plaintiffs and intervening plaintiff. Intervening plaintiff obtained an assignment of rights from King whereby King assigned his "right to collect no-fault insurance benefits for services that have been rendered by [intervening plaintiff] to date." Plaintiffs also obtained assignments of rights from King to seek recovery of PIP benefits for services provided by plaintiffs "on or before the date of execution." These assignments of rights specified that they allowed plaintiffs "to enforce payment of benefits due or past due for the Services." Thus, the question is whether the assignments afforded plaintiffs and intervening plaintiff a legally sufficient cause of action such that they could state a claim upon which relief can be granted in their amended complaints.

Defendant next argues that King is prohibited from using assignments to split his single cause of action for PIP benefits into multiple claims brought by several providers. We disagree.

This Court's decision in *Henry Ford Health Sys v Everest Nat'l Ins Co*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 341563), supports our conclusion. *Henry Ford* involved an action for recovery of PIP benefits under the no-fault act. *Id*. at ___; slip op at 1. The defendant insurer argued that an assignment was unenforceable because the insured only assigned a portion of her claim instead of the entire cause of action. *Id*. at ___; slip op at 4. The *Henry Ford* Court disagreed with the defendant, stating

> defendant's argument rests on the mistaken presumption that [the insured's] claim can only be viewed as one for all PIP benefits that she may be entitled to recover as a result of her motor vehicle accident, which is inconsistent with MCL 500.3142's requirement of prompt payment of claims as they accrue. [*Id*. at __; slip op at 5.]

As a result, the Court concluded that the no-fault act "contemplates and requires a multitude of performances (i.e., payments) by the insurer . . . " and, therefore, the assignment "was not unenforceable as a partial assignment." *Id*. at ___; slip op at 4-5 (quotation marks omitted). The Court further noted that to hold the assignment unenforceable as a partial assignment "would effectively render the insured's right to assign a claim for past or presently due benefits meaningless." *Id*. at ___; slip op at 5. Here, defendant's claim-splitting argument "rests on the mistaken presumption that [King's] claim can only be viewed as one for all PIP benefits." *Id*. Thus, King's assignments of rights to plaintiffs and intervening plaintiff are enforceable.

Defendant also argues that claim splitting should be disallowed because it could create "multiple expensive proceedings for both the insurers and the courts, not to mention the likelihood of inconsistent results." For the reasons discussed above, this argument lacks merit under *Henry Ford*. The no-fault act clearly provides for "a multitude of performances (i.e., payments) by the insurer[.]" *Henry Ford*, ___ Mich App at ___; slip op at 4. Because each payment presents a new claim, the no-fault act necessarily permits multiple suits to enforce the payments. See *id*. at ___; slip op at 4-5.

Defendant next argues that the anti-assignment clause in the insurance policy prevents the assignments that occurred. We disagree.

Although the trial court found the clause to be an "anti-transfer clause," we conclude that it is actually an anti-assignment clause. The clause appears under a section titled "Assignment," and states, in pertinent part: "No interest in this policy may be assigned without our written consent." Furthermore, the parties clearly consider the clause to be an anti-assignment clause. Thus, the question is whether the anti-assignment clause should be enforced.

In *Shah*, this Court recognized that contracts are to be enforced "as written *absent some highly unusual circumstance such as a contract in violation of law or public policy.*" *Shah*, 324 Mich App at 197 (quotation marks and citations omitted). Thus, the anti-assignment clause must be enforced unless it violates the law or public policy. *Id*. at 198. This Court has determined that *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW 303 (1880), is controlling on the matter since no authority has been found explicitly rejecting its analysis. *Shah*, 324 Mich App at 198-200. In *Roger Williams*, our Supreme Court "held that an accrued cause of action may be freely assigned after the loss and that an anti-assignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation." *Id*. at 200, citing *Roger Williams* 43 Mich at 254. In this case, King had accrued claims against defendant for payment of services that had already been provided by plaintiffs and intervening plaintiff before King made the assignments. Under *Roger Williams*, the insurance policy's prohibition against King assigning his claims is unenforceable because it is against public policy. See *Shah*, 324 Mich App at 200, citing *Roger Williams*, 43 Mich at 254. Therefore, the anti-assignment clause is unenforceable to prohibit the assignments that were executed. See *Shah*, 324 Mich App at 200.

Defendant's final argument is that MCL 500.3143 prohibits the assignments because the PIP benefits are disputed and have not yet been paid. We disagree.

MCL 500.3143 states that "[a]n agreement for assignment of a right to benefits payable in the future is void." *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998). This statutory language clearly and unambiguously draws a distinction between "a right to benefits payable in the future" and "a right to past due or presently due benefits." *Id*. The statute only bans "the assignment of benefits payable in the future and not those that are past due or presently due[.]" *Id*. Here, the pleadings allege that the assignments involved benefits that were past due or presently due. The language of the assignments in this case unambiguously provide: "right to collect no-fault insurance benefits for services that have been *rendered . . . to date*" and "*on or before the date of execution*." Thus, King's assignments of the right to recover payment for past services, and therefore, past due or presently due PIP benefits are not invalidated by MCL 500.3143. See *id*. at 173-174.

In addition, like the insured parties in *Shah* and *Henry Ford*, King "was injured in an automobile accident and received treatment that was alleged to fall within the scope of allowable expenses for which [he] could seek PIP benefits under the no-fault act." *Henry Ford*, ___ Mich App at ___; slip op at 3. After the services were provided, King assigned his right to payment for those services to his providers, just as the insured parties did in *Shah* and *Henry Ford*. Because the *Shah* and *Henry Ford* assignments were enforced despite the providers' refusal to

-4-

pay benefits, King's assignments are enforceable too, even though defendant disputes the payment of benefits.

Affirmed. Plaintiffs and intervening plaintiff are entitled to tax costs. See MCR 7.219(A).


/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford