*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MICHIGAN INSTITUTE OF PAIN AND
HEADACHE, PC, doing business as METRO
PAIN CLINIC,

      Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
May 21, 2019

No. 343263
Oakland Circuit Court
LC No. 2017-159642-NF

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff is a healthcare provider that treated a father and his daughter, who were injured in a motor vehicle accident. Defendant was the no-fault insurer responsible for providing personal protection insurance (PIP) benefits. The injured persons assigned their rights to no-fault benefits to plaintiff. The trial court granted defendant's motion for summary disposition under MCR 2.118(C)(8). Citing *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), the trial court ruled that"[b]ecause a health care provider possesses no statutory cause of action under the no-fault act[, MCL 500.3101 *et seq.*,] against a no-fault insurer for recovery of PIP benefits, dismissal is appropriate." We reverse and remand for further proceedings.

In plaintiff's complaint, it alleged that "[a]ll rights, privileges and remedies to payment for health care services, products or accommodations provided . . . to the injured parties, . . . for which the injured parties are or may be entitled to under . . . the No Fault Act, have been assigned to Plaintiff, hereto attached as Exhibit A." Plaintiff, however, apparently neglected to attach any assignments to its complaint.[1] Subsequently, defendant moved for summary disposition under MCR 2.116(C)(8) arguing that *Covenant* barred plaintiff's lawsuit. Defendant

---

[1] The complaint in the electronic lower court record does not have any exhibits attached to it.

also noted that no assignments were attached to plaintiff's complaint. At the hearing on defendant's motion for summary disposition, plaintiff's counsel indicated her belief that the assignments had been attached to the complaint. But to the extent that they were not attached, counsel requested that the court allow her to amend the complaint to attach the assignments.[2] The trial court took the matter under advisement and later issued its opinion granting defendant's motion on the strength of *Covenant*. The court made no mention of plaintiff's request to amend its complaint to add the assignments as exhibits. It is clear from the trial court's ruling and the record that the failure to attach the assignments to the complaint played no role in the court's decision. The trial court later denied plaintiff's motion for reconsideration.

We review de novo a trial court's ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). MCR 2.116(C)(8) provides for summary disposition when a "party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). A trial court may only consider the pleadings in rendering its decision. *Id.* All factual allegations in the complaint must be accepted as true. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130.

In *Covenant*, 500 Mich at 196, our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." But the Supreme Court, citing MCL 500.3143 and *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998), made clear that its "conclusion . . . is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 217 n 40. And in *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 195; 909 NW2d 38 (2017), this Court noted "that providers have always been able to seek reimbursement from their patients directly or to seek assignment of an injured party's rights to past or presently due benefits . . . ." Accordingly, contrary to the trial court's ruling, we conclude that plaintiff was generally entitled to pursue an action for no-fault benefits against defendant on the basis of the assignments. We, however, must address some additional issues and arguments.

Plaintiff was required to attach the assignments to the complaint because its claim was "based on a written instrument." MCR 2.113(C)(1).[3] An attached written instrument becomes "part of the pleading for all purposes." MCR 2.113(C)(2). Summary disposition may be appropriate under MCR 2.116(C)(8) when a written instrument is not attached to a complaint as required. *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d

---

[2] The assignments were attached to plaintiff's brief in response to defendant's motion for summary disposition.

[3] This provision was found in MCR 2.113(F)(1) at the time of the lower court proceedings before our Supreme Court amended the court rule effective September 1, 2018. 501 Mich.

633 (2004). Despite plaintiff's failure to attach the assignments to its complaint, plaintiff asked the court for an opportunity to amend the complaint to add the assignments. And MCR 2.116(I)(5) provides that "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court *shall* give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." (Emphasis added.) "Leave shall be freely given when justice so requires." MCR 2.118(A)(2). Leave to amend is typically a matter of right rather than of grace; therefore, leave to amend should ordinarily be denied only for particularized reasons such as futility, undue delay, bad faith, dilatory motive, or repeated failures to cure by amendments previously allowed. *Bennett v Russell*, 322 Mich App 638, 647; 913 NW2d 364 (2018). Keeping in mind these principles, we conclude there was no reason not to grant plaintiff's request to amend its complaint to add the assignments as attachments to the complaint.[4]

Defendant, however, maintains that any amendment would be futile because the assignments were only partial assignments and because the insurance policy at issue prohibited the insureds from transferring the policy to anyone without defendant's consent, which was never given. In *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 200; 920 NW2d 148 (2018), this Court held that an anti-assignment clause was "unenforceable to prohibit the assignment that occurred [in the case]—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy . . . ." This Court subsequently reaffirmed the holding in *Shah*. *Henry Ford Health Sys v Everest Nat'l Ins Co*, __ Mich App __, __; __ NW2d __ (2018); slip op at 4 ("Accordingly, we must conclude that the anti-assignment clause in defendant's policy is unenforceable because it is contrary to public policy."). Furthermore, the *Henry Ford* panel rejected the partial-assignment argument defendant proffers us here, concluding that if it "were to hold that the assignment . . . was an unenforceable partial assignment, it would effectively render the insured's right to assign a claim for past or presently due benefits meaningless." *Id.* at __; slip op at 6.[5] *Shah* and *Henry Ford* constitute binding case law. MCR 7.215(J)(1).[6]

---

[4] Again, it appears that the trial court was prepared to grant the motion for summary disposition regardless of the assignments, attached or not. The court overlooked the plain and unambiguous language in *Covenant* allowing healthcare providers to file suit against no-fault insurers based on assignments by injured insureds.

[5] Defendant also argues that plaintiff cannot maintain a third-party beneficiary contract claim against defendant. Plaintiff emphatically stated in the trial court and does so again on appeal that it did not plead a third-party beneficiary claim. Accordingly, it is clear that plaintiff is not appealing that portion of the trial court's opinion and order dismissing any third-party beneficiary claim against defendant. Therefore, we need not further discuss the issue.

[6] We recognize that the Michigan Supreme Court has ordered the scheduling of oral argument on the application for leave to appeal in *Shah* for the purpose of addressing the issue concerning the

-3-

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, we award taxable costs to plaintiff pursuant to MCR 7.219.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

---

validity of anti-assignment clauses. 503 Mich 882 (2018). But as of today, *Shah* remains binding precedent.