*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASSOCIATED SURGICAL CENTER, PLLC,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
August 8, 2019

No. 340816
Wayne Circuit Court
LC No. 17-006831-NF

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

In this suit for recovery of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. We reverse and remand for further proceedings.

After defendant's insured was injured in an automobile accident, she received treatment from plaintiff. In its first amended complaint, plaintiff sought payment of PIP benefits for the treatment it provided, asserting entitlement to payment under the no-fault act, the terms of the subject insurance policy, and as the holder of assignments executed by defendant's insured on or about May 30, 2017, and June 9, 2017. Defendant moved for summary disposition, arguing that *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), barred plaintiff's direct cause of action. Defendant also asserted that plaintiff's alternative assignment theory lacked merit because the insurance policy defendant issued included a provision barring assignments in the absence of defendant's approval. Relying on this provision, defendant argued that plaintiff's claim arising from the assignments must be dismissed because defendant did not provide consent for its insured to assign her benefits or rights to plaintiff. Accepting defendant's position regarding the effects of *Covenant* and the antiassignment clause, the trial court granted defendant's motion for summary disposition and dismissed plaintiff's case with prejudice.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition on the basis of the antiassignment clause in the insurance policy. Plaintiff

contends that the antiassignment clause cannot prohibit postloss assignment of benefits because *Covenant* did not impact a healthcare provider's ability to sue as the insured's assignee, and the rulings of *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW 303 (1880), and *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), confirmed the validity of a postloss assignment. Plaintiff also argues that the antiassignment clause violates MCL 500.3143 because the statute only prohibits the assignment of future benefits, and *Covenant* did not alter an insured's ability to assign her right to past or presently due benefits.

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Shah*, 324 Mich App at 205-206, quoting *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). Because the trial court considered materials outside the pleadings, namely, the insurance policy issued to defendant's insured, we construe the trial court's ruling as having been granted under MCR 2.116(C)(10). *Shah*, 324 Mich App at 206-207.

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. at 207, quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

Insurance policies are "subject to the same contract construction principles that apply to any other species of contract." *Rory*, 473 Mich at 461. "[Q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Id*. at 464. "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*. at 461.

In *Covenant*, 500 Mich at 196, our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." However, the Court cautioned that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Nonetheless, that ability is limited by the no-fault act itself, which provides, "An agreement for assignment of a right to benefits payable in the future is void." MCL 500.3143. See also *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998) (stating that only the assignment of *future* benefits is prohibited by MCL 500.3143).

The insurance policy in question states, "No assignment of benefits or other transfer of rights is binding upon us unless approved by us." (Emphasis omitted.) The plain language of this provision unambiguously requires defendant's consent to an assignment, which did not occur here. "Therefore, because the antiassignment clause is unambiguous, it must be enforced unless it violates the law or public policy." *Shah*, 324 Mich App at 198.

*Roger Williams*, 43 Mich at 254, established that an antiassignment clause is unenforceable when the assignment applies to an accrued cause of action. *Roger Williams* concerned a property insurance policy. *Id*. at 253. After the property was destroyed by fire, the insured assigned the accrued cause of action. *Id*. Our Supreme Court did not enforce an antiassignment clause in the policy, reasoning:

> The assignment having been made after the loss, did not require consent of the company. The provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person—secured in this state by statute—to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy. [*Id*. at 254.]

More recently, this Court explained:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. In this case, [the insured] had an accrued claim against his insurer for payment of healthcare services that had already been provided by plaintiffs before [the insured] executed the assignment. Under *Roger Williams*, the contractual prohibition against [the insured] assigning that claim to plaintiffs was unenforceable because it was against public policy. *Id*.

> Therefore, we conclude that the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court. *Roger Williams*, 43 Mich at 254; *Rory*, 473 Mich at 469-471. [*Shah*, 324 Mich App at 200.[1]]

Additionally, in *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 410-411; 927 NW2d 717 (2018), this Court reaffirmed its holding in *Shah* and concluded that an antiassignment clause in an insurance policy is "unenforceable because it is against public policy to the extent that it attempts to restrict the insured's ability to assign an accrued claim." Therefore, consistent with *Shah* and *Henry Ford Health Sys*, the antiassignment clause in this

---

[1] We acknowledge defendant's contention that *Shah* was wrongly decided, as well as the fact that the Supreme Court has granted oral argument on the application for leave to appeal in that case. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 503 Mich 882 (2018). However, the filing of an application for leave to appeal does not diminish the precedential effect of a published decision of this Court. MCR 7.215(C)(2). And we "must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court[.]" MCR 7.215(J)(1).

case violates Michigan public policy because an antiassignment clause is unenforceable with respect to a postloss assignment of an accrued claim. *Henry Ford Health Sys*, 326 Mich App at 404-405, 410-411; *Shah*, 324 Mich App at 199-200.

The assignments executed by defendant's insured provide, "Assignor hereby certifies that upon execution of this agreement, Assignor has *incurred* charges with respect to Services from Assignee *on or before the date of execution* for which the rights, privileges, claims and remedies for payment for each of those Services are hereby assigned to Assignee." (Emphasis added.) The assignments also state:

> This is an assignment of the right to enforce payment of charges *incurred* for Services, for which charges are payable under any policy of insurance, contract, legal claim and/or statute. Such assignment shall include . . . the right to file suit to enforce the payment of *benefits due or past due* for the Services *incurred* and resulting charges.
>
> . . . In the event Assignee files suit to enforce payment of *benefits due or past due* for the Services, Assignor consents that such suit may be pursued solely in Assignor's name or by Assignee on behalf of Assignor, as Assignee's sole discretion. [Emphasis added.]

Given the repeated use of the past tense term "incurred" and the explicit reference to benefits that are "due or past due," it is evident that defendant's insured only assigned her right to collect past or presently due benefits arising from the services plaintiff provided. Consequently, the antiassignment clause in the subject insurance policy is unenforceable with respect to the assignments at issue in this case. *Henry Ford Health Sys*, 326 Mich App at 404-405; *Shah*, 324 Mich App at 199-200. Furthermore, the assignments do not run afoul of MCL 500.3143, which only prohibits an assignment of benefits payable in the future. *Prof Rehab Assoc*, 228 Mich App at 172.

Finally, plaintiff contends that *Covenant* should not be applied retroactively. Plaintiff waived the issue by failing to include it in its statement of questions presented. *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010); MCR 7.212(C)(5). Even so, as plaintiff acknowledges, this Court has already concluded that the rule articulated in *Covenant* should be applied retroactively. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017). Although an application for leave to appeal is currently pending with the Supreme Court, the *W A Foote Mem Hosp* decision remains binding precedent that we are obligated to follow. MCR 7.215(C)(2) and (J)(1).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra