*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

AMERICAN ANESTHESIA ASSOCIATES,

      Plaintiff-Appellant,

UNPUBLISHED
October 1, 2019

v

GEICO INDEMNITY COMPANY,

      Defendant-Appellee.

No. 343985
Oakland Circuit Court
LC No. 2017-160230-NF

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

In this suit for recovery of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the trial court's opinion and order granting summary disposition to defendant. We reverse.

The insured, Emily Minca, was involved in an automobile accident in which she sustained bodily injuries. Plaintiff subsequently provided Minca medical treatment for her injuries arising out of that accident. At the time of the accident, Minca was insured through an insurance policy issued by defendant. Although the policy contained an antiassignment clause, Minca assigned to plaintiff "all no-fault benefits presently due or past due incurred as a result of [her] automobile accident(s) and relating to the reimbursement of medical billings by [plaintiff]." The trial court granted defendant's motion for summary disposition on the basis of the antiassignment clause contained in the insurance policy.

Plaintiff argues that it had a right to maintain a direct cause of action against defendant on the basis of a valid assignment of no-fault benefits executed by Minca. We agree.

" 'This Court reviews de novo the trial court's decision to grant or deny summary disposition.' " *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 205-

206; 920 NW2d 148 (2018),[1] quoting *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Although defendant moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), because the trial court considered materials outside the pleadings, we will treat the motion for summary disposition "as having been brought and decided under MCR 2.116(C)(10) because it necessarily involved considering material outside the pleadings." *Shah*, 324 Mich App at 206.

The standard of review regarding a motion for summary disposition granted pursuant to MCR 2.116(C)(10) is as follows:

> "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." [*Shah*, 324 Mich App at 207 (citation omitted).]

Insurance policies are "subject to the same contract construction principles that apply to any other species of contract." *Rory*, 473 Mich at 461. "[Q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Id*. at 464.

In *Covenant Med Ctr Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), our Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." However, this decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Additionally, MCL 500.3143 provides, "An agreement for assignment of a right to benefits payable in the future is void." See also *Professional Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998).

The insurance policy in question states: "Your rights and duties under this policy may not be assigned without our written consent." The language under this provision is unambiguous that defendant must consent to an assignment, which did not occur here. "Therefore, because the antiassignment clause is unambiguous, it must be enforced unless it violates the law or public policy." *Shah*, 324 Mich App at 198, citing *Rory*, 473 Mich at 468-469.

*Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880), established that an antiassignment clause is unenforceable when the assignment applies to an accrued cause of action. *Roger Williams* concerned a property insurance policy where the property was later

---

[1] Our Supreme Court has scheduled oral argument on whether to grant the application for leave to appeal this Court's decision. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 503 Mich 882 (2018).

destroyed in a fire. *Id*. at 253. The insured assigned the accrued cause of action after the fire. *Id*. at 253-254. Our Supreme Court held that the antiassignment clause was invalid, stating:

> The assignment having been made after the loss, did not require consent of the company. The provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person—secured in this state by statute—to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy. [*Id*. at 254.]

This Court in *Shah* explained:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. In this case, [the insured] had an accrued claim against his insurer for payment of healthcare services that had already been provided by plaintiffs before [the insured] executed the assignment. Under *Roger Williams*, the contractual prohibition against [the insured] assigning that claim to plaintiffs was unenforceable because it was against public policy. *Id*.
>
> Therefore, we conclude that the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court. *Roger Williams*, 43 Mich at 254; *Rory*, 473 Mich at 469-471. [*Shah*, 324 Mich App at 200.]

Additionally, in *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 405; 927 NW2d 717 (2018), app held in abeyance ___ Mich ___; 926 NW2d 258 (2019), this Court recently reaffirmed its holding in *Shah*, and "conclude[d] that the antiassignment clause in [the] defendant's policy [was] unenforceable because it [was] contrary to public policy." Therefore, consistent with *Shah* and *Henry Ford Health*, the antiassignment clause in this case violates Michigan public policy because an antiassignment clause is unenforceable with respect to a postloss assignment of an accrued claim. *Henry Ford Health*, 326 Mich App at 405; *Shah*, 324 Mich App at 198.

Here, Minca assigned her right to past or presently due benefits to plaintiff. The assignment states, in relevant part:

> I assign to American Anesthesia Associates, LLC all *no-fault benefits presently due or past due* incurred as a result of my automobile accident(s) and relating to the reimbursement of medical billings by American Anesthesia Associates, LLC. I assign my right to recover no-fault interest and attorney's fees as it relates to the reimbursement of these medical billings. *I am not assigning any future benefits.* [Emphasis added.]

MCL 500.3143 only addresses an assignment of future benefits; it does not address an assignment of past or presently due benefits. Minca clearly assigned her right to recover "benefits presently due or past due" and not "any future benefits," which expressly did not include "benefits payable in the future." MCL 500.3143.

Accordingly, because Minca did not assign any future benefits and because the antiassignment clause in the insurance policy is unenforceable as against public policy, the trial court erred when it relied on that clause in granting defendant's motion for summary disposition.[2]

Reversed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel

---

[2] Defendant also argues that this Court should take this matter under advisement because our Supreme Court is considering an application for leave to appeal in *Shah*. See *Shah*, 503 Mich at 882. However, "[t]he filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2). Therefore, this Court's opinion in *Shah* is binding precedent, and we decline to wait for the Supreme Court to *possibly* issue a substantive ruling on the application.