*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARDEN CITY REHAB, LLC,

       Plaintiff-Appellant,

v

INTEGON NATIONAL INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
September 15, 2022

No. 357617
Wayne Circuit Court
LC No. 19-013684-NF

Before: CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition. We affirm.

## I. FACTUAL BACKGROUND

This case involves plaintiff's claims for no-fault benefits stemming from physical-therapy services it provided to Montana Sams after he was allegedly injured in a motor-vehicle accident on May 6, 2019. Plaintiff sued defendant to recover the subject benefits as Sams's assignee. Defendant moved for summary disposition, representing that Sams was involved in a suspiciously similar accident less than a month earlier. According to defendant, both incidents occurred in the same general location and involved one of the same vehicles and many of the same drivers or passengers. Defendant explained that its attempt to investigate the earlier accident had been largely unsuccessful, and none of the individuals involved in either accident appeared for an examination under oath (EUO). Defendant also believed that the May 6, 2019, accident may have been staged, and it opined that summary disposition was appropriate because plaintiff could not prove Sams sustained bodily injury in that accident or that the treatment plaintiff provided was reasonable and necessary treatment for accident-related injury. The trial court determined that plaintiff was "ineligible to recover PIP benefits because of Sams's failure to participate," and found that "there's no evidence to support a finding that any injury had arose from the alleged auto accident." Plaintiff now appeals that ruling.

## II. LEGAL ANALYSIS

On appeal, plaintiff argues that the trial court erroneously granted summary disposition to defendant under MCR 2.116(C)(10). We review a trial court's summary disposition ruling de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).

Plaintiff's presentation of the issues on appeal focuses primarily on the propriety of dismissing a medical provider's claim for no-fault benefits on the basis of the injured party's failure to cooperate in the insurer's investigation. But this focus is too narrow. Sams's noncooperation in the investigation was not the trial court's only reason for granting defendant's motion for summary disposition: it also determined that there was no evidence that Sams's injury arose from the subject accident. The trial court's reasoning presents a straightforward issue regarding the factual sufficiency of plaintiff's claim and the evidence brought forth under MCR 2.116(C)(10) in regard to causation.

When the nonmoving party bears the burden of proof on an essential element of the claim, the moving party may seek summary disposition under MCR 2.116(C)(10) by demonstrating that the nonmoving party will be unable to meet that burden or by submitting affirmative evidence that negates that element. *Lowrey*, 500 Mich at 7. If the nonmoving party fails to respond with evidence establishing a material factual dispute regarding the challenged element, summary disposition is appropriate. *Id*. Seeking no-fault benefits, plaintiff bore the burden of proving entitlement to the claimed benefits. *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 655; 899 NW2d 744 (2017). Thus, as Sams's assignee, plaintiff had the ultimate burden of proving that Sams was entitled to payment for the services it rendered. See *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998) (noting that medical-provider assignee stands in the shoes of the insured assignor and "acquires the same rights as the assignor possessed"). Among other things, a no-fault claimant must prove causation— "a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005). "It is not just any bodily injury that triggers an insurer's liability under the no-fault act. Rather, it is only those injuries that are caused by the insured's use of a motor vehicle." *Id*. Furthermore, evidence submitted to support or oppose a motion for summary disposition must be substantively admissible. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 441; 814 NW2d 670 (2012).

The record evidence concerning the accident is extremely limited. The traffic-crash report submitted by defendant reflects the circumstances of the accident as described by those involved. The report states that there were no injuries, and, likewise during his deposition, the responding police officer was unable to recall anyone complaining of injuries. Responding to the motion, plaintiff brought forth a "Physical Therapy Initial Evaluation" report completed on May 9, 2019.

-2-

The report reflects that Sams visited his doctor on the day after a May 5, 2019,[1] motor-vehicle accident with complaints of severe pain and was referred to physical therapy. The report goes on to describe Sams's complaints of pain in his shoulders, right leg, and the lumbar and thoracic regions of his spine. As defendant argues, the report cannot be used to prove that a motor vehicle accident occurred, as such a statement would be inadmissible hearsay falling outside of the exception in MRE 803(4) (statements made for purposes of medical treatment or diagnosis), leaving as acceptable evidence on summary disposition only the portions concerning Sams's symptoms. See *Merrow v Bofferding*, 458 Mich 617, 630; 581 NW2d 696 (1998).

But the implication that Sams sustained injuries in the alleged May 6, 2019, accident is negated by the MRI imaging reports produced by defendant. The MRIs taken after the accident reflect no evidence of injury to Sams's right knee or hip, and only a small central disc protrusion in his lumbar spine. The same disc protrusion was also visualized in an MRI of the same area from April 17, 2019—approximately two weeks *before* the May 6, 2019, accident. An additional MRI from April 17, 2019, also identified a hernia in Sams's cervical spine. These records sufficiently rebut the implication that the injuries for which plaintiff provided treatment were caused by the May 6, 2019, accident. Accordingly, the trial court did not err by determining that plaintiff failed to create a genuine issue of material fact as to whether Sams's injuries arose from the May 6 accident and, therefore, that plaintiff's treatment of those injuries lacked the required causal connection to establish defendant's liability. *Lowrey*, 500 Mich at 5; *Griffith*, 472 Mich at 531.

We further note that plaintiff's contention that a provider does not "stand in the shoes" of the injured party following amendment of the no-fault act by 2019 PA 21 does not support its conclusion that summary disposition was erroneously granted. The amended version of MCL 500.3112 created a direct cause of action for healthcare providers where one did not previously exist, *Spectrum Health Hosps v Mich Assigned Claims Plan*, 330 Mich App 21, 28 n 4; 944 NW2d 412 (2019), superseded not in relevant part by MCL 500.3173a(1), but the 2019 amendment did not otherwise modify the nature of the proofs required in the manner suggested by plaintiff. The causation requirement outlined in *Griffith*, 472 Mich at 531, was derived from the language of MCL 500.3105(1), which states that an insurer "is liable to pay benefits for accidental bodily injury arising out of the ownership or use of a motor vehicle as a motor vehicle . . . ." This section of the no-fault act was not altered by the 2019 amendment, nor does this language convey that a healthcare provider's claim should be treated differently.[2]

Plaintiff's reliance on *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588; 648 NW2d 591 (2002), is also misplaced. In that case, the Michigan Supreme Court considered whether a no-fault insurance policy could require an EUO and the circumstances in which an insurer could deny benefits on the basis of the insured's failure to comply with that contractual requirement. *Id*. at 594-595. The Court concluded:

---

[1] It is unclear if the date on the report is a typo, and we express no opinion on the matter.

[2] Even if plaintiff's argument had merit, plaintiff did not pursue a direct cause of action in this case—its complaint asserted a right to PIP benefits as Sams's assignee.

[A]n EUO that contravenes the requirements of the no-fault act by imposing some greater obligation upon one or another of the parties is, to that extent, invalid. Thus, a no-fault policy that would allow the insurer to avoid its obligation to make prompt payment upon the mere failure to comply with an EUO would run afoul of the statute and accordingly be invalid. However, an EUO provision designed only to ensure that the insurer is provided with information relating to proof of the fact and of the amount of the loss sustained—i.e., the statutorily required information on the part of the insured—would not run afoul of the statute. [*Id*. at 598.]

In the instant case, the trial court noted Sams's refusal to participate in defendant's investigation, but also observed that there was no evidence he was injured in the alleged accident. Because dismissal of plaintiff's claim was premised on the absence of causation evidence, this case is clearly distinguishable from *Cruz*, where the insurer conceded that the plaintiff submitted sufficient information to process his claim. *Id*. at 590-591 n 1. Even if the evidentiary problem arose, at least in part, from Sams's failure to participate in an EUO, dismissal of this provider claim for lack of evidence that plaintiff's treatment was causally connected to accident-related injuries did not impose a greater burden on plaintiff than permitted by the no-fault act and, therefore, it does not conflict with *Cruz*.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

-4-